E. B. Nichols and another v. J. L. Hill.

1—A purchaser of land with warranty of title, being sued by an indorsee of a note given for the purchase money, pleaded as a defense that there was a mistake as to the land which was the subject matter of the trade, and that the plaintiff was privy to the trade and knew of the mistake. It appearing that the defendant went into possession at the time of the purchase, and still remains in possession, and there being no allegation of fraud and no evidence that the plaintiff knew of any mistake, if there was any, it is *held* that the defense was not maintainable.

2—To allow such a defense would be equivalent to allowing a purchaser of land with warranty of title to sue and recover on the covenant before covenant broken, and before eviction.

ERROR from Galveston.  Tried below before the Hon. George R. Scott.

The opinion of the court gives a statement of the case.

*Ballinger*, *Jack & Mott*, for plaintiffs in error.

*Hill & Hill*, for defendant in error.

WALKER, J.—The plaintiffs in error purchased from one Bell a certain tract of land, being one-fourth of what was known as the Mathews league.  The consideration for the land sold was $5000, one-half of which was paid in cash and the balance was on deferred payments, for which two notes were given, one for $1500, and the other for $1000.

The defendant in error brought this suit to enforce payment of the last note, for $1000, the note for $1500 having been paid. The plaintiffs in error defend the suit on the ground that the land sold by Bell to them is not the land they supposed they were purchasing, and is of less value; alleging that Hill, the plaintiff below, was privy to the transaction and knew of the mistake.  Some dispute has since arisen about the lines of the land sold to plaintiffs in error; but they went into possession of the land which they thought they were buying, and, so far as the record shows, they are yet in possession.  So far, then, there has been no failure of consideration; and we very much doubt if Hill could be charged with it in this suit, if there had been.  He is an innocent holder or indorsee of the note sued on.

The plaintiffs in error do not charge fraud in the sale by Bell to them, but a mutual mistake.  There is no evidence to show that Hill or any of the parties knew of a mistake, or it would, doubtless, have been corrected at the time.  To allow this defense would be equivalent to allowing a purchaser of land under

covenants of warranty to sue and recover on his covenants before covenant broken, and before he had been evicted.

The judgment of the court below is affirmed with damages.

*Affirmed.*